**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1786**

SHUN-LUNG CHAO,

             Plaintiff - Appellant,

       v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, d/b/a IBM, a
New York Corporation; DONNA HARDEE,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:09-cv-00077-BO)

Submitted:  March 21, 2011          Decided:  April 22, 2011

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua N. Levy, LEVY LAW OFFICES, Raleigh, North Carolina, for
Appellant.   C. Matthew Keen, Michael D. McKnight, OGLETREE,
DEAKINS, NASH, SMOAK & STEWART, P.C., Raleigh, North Carolina,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shun-Lung Chao appeals the district court's judgment granting summary judgment to International Business Machines Corp. ("IBM") and dismissing Chao's discrimination and retaliation claims. We affirm.

Chao raised claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e - 2000e-17 (West 2003 & Supp. 2010); 42 U.S.C. § 1981 (2006), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621-634 (West 2008 & Supp. 2010), and North Carolina state law. He does not appeal the district court's judgment with respect to his age discrimination claims, and they are accordingly abandoned. Chao argues on appeal that the court erred in granting summary judgment to IBM on his discrimination and retaliation claims.

## I.   Discrimination

This court reviews a district court's order granting summary judgment de novo. Jennings v. Univ. of N.C., 482 F.3d 686, 694 (4th Cir. 2007) (en banc). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and

2

any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Scott, 550 U.S. at 380 ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'")

Absent direct evidence of intentional discrimination, Title VII and § 1981 claims are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793 (1973). See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 n.7 (4th Cir. 2002) (recognizing that the elements of a discrimination claim are the same under both Title VII and § 1981). Under McDonnell Douglas, once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to come forward with a legitimate, nondiscriminatory reason for the employment decision. If the defendant meets this burden, the onus returns to the plaintiff to demonstrate that the reason is pretextual and that discrimination was the motivating force behind the decision. McDonnell Douglas, 411 U.S. at 802-04.

To establish a prima facie case of discrimination, Chao had to prove:

> (1) [he] is a member of a protected class; (2) [he] suffered adverse employment action; (3) [he] was performing [his] job duties at a level that met [his] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc).

We have reviewed the record, and while Chao is a member of a protected class and was terminated, we conclude that he was not performing his job duties at a level that met his employer's legitimate expectations. The record is replete with examples of Chao's documented insubordination, costly technical errors, and poor performance reviews. Thus, we agree with the district court's conclusion that Chao has not made out a prima facie case. Accordingly, summary judgment was proper.

## II. Retaliation

Retaliation claims are similarly analyzed under the McDonnell Douglas framework. A plaintiff in a retaliation case must show that: (i) he engaged in protected activity; (ii) his employer took an adverse action against him; and (iii) there is a causal connection between the protected activity and the adverse action. Ziskie v. Mineta, 547 F.3d 220, 229

4

(4th Cir. 2008). To satisfy the second element, a plaintiff must show that a reasonable employee would have found the challenged action "materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). If the plaintiff makes a prima facie showing, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action. Baquir v. Principi, 434 F.3d 733, 747 (4th Cir. 2006). If the employer makes such a showing, the burden returns to the plaintiff to establish that this reason is a pretext for retaliation. Id.

Here, we similarly find that Chao has not made out a prima facie case. There is nothing in the record to suggest that Chao's manager, Donna Hardee, who ultimately made the decision to terminate him after he failed to complete his performance improvement plan in a satisfactory manner, actually knew of Chao's protected activities at the time she made her decision. Absent such a showing, we cannot say that he has made out a prima facie case. Moreover, the record is clear that Chao was terminated because of his poor performance, rather than because he complained of discrimination. Accordingly, we conclude that the district court did not err in granting summary judgment to IBM on Chao's retaliation claim.

## III. Conclusion

For the reasons set forth, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>